IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JEW DON BONEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:19-cv-4190 |
| | § | |
| **AMERICAN SECURITY** | § | |
| **INSURANCE COMPANY and** | § | |
| **MICHAEL HANKINS,** | § | |
| | § | |
| **Defendants.** | § | |

### NOTICE OF REMOVAL

Defendant American Security Insurance Company ("American Security") files this Notice of Removal against Plaintiff Jew Don Boney ("Plaintiff") pursuant to 28 U.S.C. §§ 1441 and 1446, as follows:

### I.   INTRODUCTION

1.   This case is removable because there is complete diversity between the parties in this litigation and the matter in controversy exceeds $75,000.00.

### II.   COMMENCEMENT AND SERVICE

2.   On September 10, 2019, Plaintiff commenced this action by filing an Original Petition in the 125th Judicial District Court of Harris County, Texas, styled Cause No. 2019-65379, *Jew Don Boney v. American Security Insurance Company, et al.*[1] Plaintiff filed a First Amended Petition on September 16, 2019.[2]

---

[1] *See* Ex. B-1, Plaintiff's Original Petition.
[2] *See* Ex. B-2, Plaintiff's First Amended Petition.

3. American Security was served with the amended petition only, and received the service of process through its statutory agent on September 26, 2019.[3]

4. American Security timely filed an answer in state court on October 21, 2019.[4]

5. This Notice of Removal is filed within thirty days of the receipt, through service or otherwise, of Plaintiff's First Amended Petition and is timely filed under 28 U.S.C. § 1446(b)(1). This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III.     GROUNDS FOR REMOVAL

6. American Security is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### IV.     DIVERSITY OF CITIZENSHIP

7. This is an action with complete diversity of citizenship between the Plaintiff and Defendants.

8. Plaintiff is a citizen of Texas.[5]

9. Defendant American Security is a foreign insurance company.[6]

10. Defendant Michael Hankins is a citizen of Indiana.[7]

---

[3] *See* Ex. A, Citation.
[4] *See* Ex. B-3, Defendant's Original Answer.
[5] *See* Ex. B-2, Plaintiff's Amended Petition, ¶ 2; Ex. G-1, Accurint Comprehensive Address Report, at p. 2 (demonstrating that Plaintiff has been domiciled in Texas since at least September 1985).
[6] *See* Ex. H, Affidavit of Carmen Collazo.
[7] *See* Ex. G-2, Accurint Comprehensive Address Report, at p. 2 (demonstrating that Hankins has been domiciled in Crawfordsville, Indiana since at least December 2000).

11. No change of citizenship has occurred for the parties since commencement of the state court action. Accordingly, diversity of citizenship exists among the remaining parties to the litigation.

## V. AMOUNT IN CONTROVERSY

12. In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options. The defendant may (1) remove the case immediately, if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or (2) the defendant may wait until the plaintiff expressly pleads that the amount in controversy exceeds that amount or serves some "other paper" indicating that the amount in controversy exceeds that amount. 28 U.S.C. §§ 1446(b)(3), (c)(3)(A); *Bosky v. Kroger Texas LP*, 288 F.3d 208, *passim* (5th Cir. 2002). Here, this case became removable upon the receipt of Plaintiff's Amended Petition wherein Plaintiff asserted that he seeks monetary relief over $100,000.00.[8] Thus, Plaintiff's Amended Petition establishes that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## VI. VENUE

13. Venue lies in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

## VII. CONSENT TO REMOVAL

14. No Consent to Removal is necessary as American Security is the only defendant who has been served as of the filing of this Notice of Removal. *See, e.g.*, *Miller v. Stores*, No. H-19-1539, 2019 WL 3503072, at *2 (S.D. Tex. July 16, 2019) (citing 28 U.S.C. § 1446(b)(2)(A)

---

[8] *See* Ex. B-2, Plaintiff's Amended Petition, ¶ 5.

and *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988)) (finding consent of defendant Blythe to Target's removal unnecessary where "Defendant Blythe had not been served by the date of Defendant Target's removal").

### VIII. NOTICE

15. American Security will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). American Security will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

### IX. STATE COURT PLEADINGS

16. Copies of all state court pleadings and orders are attached to this Notice of Removal.

### X. EXHIBITS TO NOTICE OF REMOVAL

17. The following documents are attached to this Notice as corresponding numbered exhibits:

   A. All Executed Process in this case;

   B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings;

   1. Plaintiff's Original Petition;

   2. Plaintiff's First Amended Petition;

   3. Defendant American Security Insurance Company's Original Answer;

   C. Docket Sheet;

    D.      An index of matters being filed;

    E.      A list of all counsel of record, including addresses, telephone numbers, and parties represented;

    F.      Civil Cover Sheet;

    G.      Affidavit of Brian A. Srubar;

        1.    Accurint Comprehensive Address Report for Jew Don Boney;

        2.    Accurint Comprehensive Address Report for Michael Hankins;

    H.      Affidavit of Carmen Collazo.

## XI.    CONCLUSION

WHEREFORE, Defendant American Security Insurance Company, pursuant to the statutes cited herein, removes this action from the 125th Judicial District Court of Harris County, Texas to this Court.

Dated:  October 25, 2019

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Brian A. Srubar
    State Bar No. 24098460
First City Tower
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:  713-337-8850
Brad.aiken@mhllp.com
Brian.srubar@mhllp.com

*ATTORNEYS FOR DEFENDANT*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served on October 25, 2019, on the following counsel and parties of record by Certified Mail:

***CMRRR No. 7016 0910 0000 2773 4962***
Andrew C. Cook
The Cook Law Firm, PLLC
7324 Southwest Freeway, Suite 585
Houston, Texas 77074
acc@texinsurancelaw.com

*Attorneys for Plaintiff*

***CMRRR No. 7016 0910 0000 2773 4978***
Michael Hankins
2590 E Traction Rd
Crawfordsville, Indiana 47933

                                            */s/ Brian A. Srubar*
                                              Brian A. Srubar