# EXHIBIT B

# EXHIBIT B-1

9/10/2019 5:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36693703
By: Charlie Tezeno
Filed: 9/10/2019 5:35 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **JEW DON BONEY** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **AMERICAN SECURITY INSURANCE** | § | |
| **COMPANY and MICHAEL HANKINS** | § | |
| | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFFS ORIGINAL PETITION

Plaintiff, Jew Don Boney, file this Plaintiffs Original Petition against Defendants, American Security Insurance and Michael Hankins, and for cause of action, would respectfully show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party insurance policy dispute concerning damages attributable to Hurricane Harvey. This dispute involves complex legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will include intricate discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiffs claim, as well as the systematic approach by American Security Insurance Company and its adjusters to the handling of catastrophic loss property damage claims arising from Hurricane Harvey. Plaintiff therefore respectfully asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

2. Plaintiff, Jew Don Boney, is a Texas resident who resides in Harris County, Texas.

3.      Defendant, American Security Insurance Company ("American Security"), is a Foreign insurance company authorized to engage in the business of insurance in the State of Texas. American Security may be served with process via its registered agent, Michael Hankins, P.O Box 979055 Miami, FL 33157.

4.      Defendant, Michael Hankins, is an individual licensed adjuster, who at all times material to the allegations in this Petition, has done business in the State of Texas. Mr. Hankins may be served with process by certified mail, return receipt requested, at his principle place of business located at: P.O. Box 979055 Miami, FL 33157, or wherever else he may be found.

### III.   Jurisdiction and Venue

5.       This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff states to seek monetary relief in excess of $100,000.00 and less than $200,000.00. Plaintiff reserves the right to amend their petition during and/or after the discovery process.

6.      This Court has personal jurisdiction over American Security because American Security is a Foreign insurance company licensed to do business in Texas and Plaintiffs causes of action arise out of American Security business activities in this State.

7.      This Court has personal jurisdiction over Michael Hankins because Mr. Hankins engages in the business of adjusting insurance claims in the State of Texas and Plaintiffs causes of action arise out of his business activities in this State.

8.      Venue is proper in Harris County because the insured property is located in Harris County and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County.  Tex. Civ. Prac. & Rem. Code § 15.032.

### IV.   Facts

9.      Plaintiff owns the residential property at 2503 Rosedale St. Houston Harris County, Texas (the "Property"). American Security sold, and Plaintiff paid for, a Texas homeowners' insurance policy (the "Policy") to protect and insure Plaintiffs dwelling, other structures, personal property, and other items applicable to the Property.

10.      From August 25th through September 1, 2017, Hurricane Harvey swept across Texas causing widespread destruction and devastation. Beginning on or about August 26, 2017, Hurricane Harvey's massive wind field caused widespread destruction in and around Harris County, and Plaintiffs Property, specifically.

11.      Plaintiffs Property suffered extensive wind and wind-related damage during Hurricane Harvey. Specifically, the Hurricane damaged the roofing system and structural components of the Property. The severe and widespread damage allowed water to penetrate into the Property interior and led to significant interior water damage. In addition, the storm damaged the Property fencing.

12.      Following Hurricane Harvey, Plaintiff promptly and timely reported their Property claim (the "Claim")  under the Policy and asked American Security to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof, repairs to wind and debris damages to all exterior elevations, as well as repair of fencing and interior water damage.

13.      Plaintiffs are entitled to these benefits under the American Security Policy as it specifically covered Plaintiffs dwelling for wind and wind-related damage, and specifically, hurricane damage. All of the damage to the Property was covered under the express terms of the Policy.

14.      American Security assigned an adjuster, Michael Hankins, to perform the investigation and initial inspection of the Property on its behalf.

15.     Mr. Hankins, however, because of inadequate training or improper instruction, failed to perform a reasonable and adequate investigation of Plaintiffs Claim. In doing so, Mr. Hankins either completely missed or simply ignored damages that were present at the time of his inspection and were clearly attributable to Hurricane Harvey's powerful winds.

16.     The inadequacy of Mr. Hankins' investigation and adjustment of Plaintiffs Claim is evidenced by the fact he neither adjusted for, nor included, the full scope of Plaintiffs roof damage and neglected even to address, or note, multiple rooms in the Property. Plaintiffs roof sustained extensive wind damage to its entire surface and to the underlying structure/framing. Evidence of wind damage is readily apparent from even a casual view. The massive amount of roof damage allowed water to penetrate the Property's envelope in multiple locations and resulted directly in the substantial interior damage to Plaintiffs home, which damage Mr. Hankins also failed to document properly or sufficiently.

17.     Although Plaintiff notified, and later, reminded American Security numerous times of the significant widespread roof damage causing major leaks throughout the interior of the Property, Mr. Hankins failed to fully and adequately inspect the damaged areas of Plaintiffs property, including the roof, among other items and areas. Mr. Hankins' failure to record the full extent of the wind-damaged Property resulted in an improperly under-scoped and consequently undervalued estimate for repairs that Mr. Hankins submitted to American Security (the "Estimate").

18.     As an illustration—and certainly not intended as a complete listing of all of the errors and omissions in Mr. Hankins investigation and adjustment—the following are just some of the unfair and unreasonable low points from his "inspection" and Estimate:

- Mr. Hankins Estimate failed to address damage to the foundation of the Covered Property.
- Mr. Hankins Estimate did not include cost to repair damage to interior rooms of the home: living room, kitchen, and dining room.

- Mr. Hankins Estimate did not include cost for temporary toilets or off-site storage.
- Mr. Hankins Estimate failed to include damage to the playset located on the Covered Property.
- Mr. Hankins Estimate was constructed to keep the amount covered artificially low. For example, the Adjuster's Estimate allotted a 4 ton dumpster when a more accurate size would be a 5-7 ton dumpster.

19.    Plaintiffs contend that, upon information and belief, American Security and Mr. Hankins set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiffs Claim for covered damages. At minimum, American Security ratified Mr. Hankins unreasonable and improper "adjustment" of the Claim, resulting in Plaintiffs Claim effectively being denied in part as well as undervalued and underpaid. Plaintiff has suffered actual damages resulting from American Security's and Mr. Hankins' wrongful acts and omissions as set forth above and further described herein.

20.    In short, Plaintiffs have yet to receive the full amount of payment to which they are entitled under the Policy because their Claim was improperly and unreasonably adjusted.

## V.  CAUSES OF ACTION

### BREACH OF CONTRACT AGAINST AMERICAN SECURITY

21.    An insurance policy is considered a contract under Texas law. American Security failed to perform its contractual duties to adequately compensate Plaintiff in accordance the terms of the Policy that it wrote and sold to Plaintiff. Specifically, American Security refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  American Security's conduct constitutes a breach of the insurance contract between American Security and Plaintiff.

### NON-COMPLIANCE BY AMERICAN SECURITY INSURANCE COMPANY WITH THE TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

22.     American Security's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

23.     Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. American Security's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff damages; (2) stating—by way of Mr. Hankins' estimate— that Plaintiff damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiff damages; (3) using Mr. Hankins own statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiff in fact received.

24.     American Security's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

25.     American Security's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

26.     American Security failed to explain to Plaintiff the reasons for failing to include all covered damages in its evaluation and/or payment(s) on the Claim.  Furthermore, American Security did not communicate that future settlements or payments would be forthcoming to pay

for the entire amount of Plaintiffs loss, nor did it provide any explanation for the failure to adequately settle Plaintiffs Claim.  American Security's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES.  TEX. INS. CODE §541.060(a)(3).

27.     Although promptly reported by Plaintiff to American Security, American Security did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs damages, both exterior and interior. American Security's unfair settlement practice, as described above, of refusing to pay Plaintiffs full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### NON-COMPLIANCE BY AMERICAN SECURITY WITH THE TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT

28.     American Security's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

29.     American Security's failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiffs Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

30.     American Security's conduct constitutes a breach of the common law duty of good faith and fair dealing that a Texas insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

31.     American Security's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs Claim, despite the fact that at the very same time, American Security knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of American Security's duty of good faith and fair dealing to Plaintiff, which is both non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

### NON-COMPLIANCE BY MICHAEL HANKINS WITH THE TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

32.     Mr. Hankins conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES.  TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

33.     Mr. Hankins is individually liable for his unfair and deceptive acts because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, American Security's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

34.     Mr. Hankins' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

35.     Mr. Hankins' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

36.     The unfair settlement practice of Mr. Hankins, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

37.     Mr. Hankins' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

38.     Mr. Hankins' unfair settlement practice, as described above, of refusing to pay Plaintiffs Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## VI.  KNOWLEDGE

39.     All of the acts described above, together and singularly, were done "knowingly" as that term is used in the TEXAS INSURANCE CODE and were a producing cause of Plaintiffs damages described herein.

## VII.  CONDITIONS PRECEDENT

40.     All conditions precedent to Plaintiffs claims for relief have been performed or have occurred and/or American Security waived the same. This includes, but is not limited to, providing

notice pursuant to TEXAS INSURANCE CODE 542A and pre-litigation alternative dispute resolution, if any.

## VIII. DAMAGES

41.     Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

42.     As previously mentioned, Plaintiffs covered losses have not been properly addressed or paid, which has prevented Plaintiff from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiff. These damages and losses are a direct result of Defendants' mishandling of Plaintiffs Claim in violation of the terms of the Policy at issue and of the laws set forth above.

43.     For breach of contract, Plaintiff is entitled to regain the benefit of their bargain with respect to their purchase of the Policy, which is the amount of their Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

44.     For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorneys' fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiff is entitled to, and do hereby, seek recovery of three times their actual damages. TEX. INS. CODE §541.152.

45.     For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiff is entitled to interest on the amount of the Claim as damages at the rate determined under TEX. INS. CODE §542.060, together with reasonable and necessary attorneys' fees.

46.     For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from American Security's breach of its Duty, such as additional costs, economic hardship, additional losses resulting from nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

47.     For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the attorneys and law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiffs attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## IX.   Jury Demand

48.   Plaintiff request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tender the appropriate jury fee.

## X.   Discovery Requests to All Defendants

### Request for Disclosure

49.   Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff request the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law,

and for all such other and further relief, whether by law or at equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

THE COOK LAW FIRM, PLLC
By: /s/ Andrew C. Cook
    Andrew C. Cook
    State Bar No. 24057481
    Southern Dist. No. 976434
    7324 Southwest Freeway, Suite 585
    Houston, Texas  77074
    Tel. (713) 401-2890
    Facsimile: (713) 643-6226
    Email: acc@texinsurancelaw.com

**ATTORNEY FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT B-2

9/16/2019 5:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36855531
By: JIMMY RODRIGUEZ
Filed: 9/16/2019 5:24 PM

**CAUSE NO. 201965379**

| | | |
|---|---|---|
| **JEW DON BONEY** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **AMERICAN SECURITY INSURANCE** | § | |
| **COMPANY and MICHAEL HANKINS** | § | |
| | § | |
| *Defendants.* | § | **125th JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff, Jew Don Boney, file this Plaintiffs Original Petition against Defendants, American Security Insurance and Michael Hankins, and for cause of action, would respectfully show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1.     Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party insurance policy dispute concerning damages attributable to Hurricane Harvey. This dispute involves complex legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will include intricate discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiffs claim, as well as the systematic approach by American Security Insurance Company and its adjusters to the handling of catastrophic loss property damage claims arising from Hurricane Harvey. Plaintiff therefore respectfully asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

2.     Plaintiff, Jew Don Boney, is a Texas resident who resides in Harris County, Texas.

3.      Defendant, American Security Insurance Company ("American Security"), is a Foreign insurance company authorized to engage in the business of insurance in the State of Texas. American Security may be served with process via its registered agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin, Tx 78701

4.      Defendant, Michael Hankins, is an individual licensed adjuster, who at all times material to the allegations in this Petition, has done business in the State of Texas. Mr. Hankins may be served with process by certified mail, return receipt requested, at his principle place of business located at: P.O. Box 979055 Miami, FL 33157, or wherever else he may be found.

### III. JURISDICTION AND VENUE

5.      This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff states to seek monetary relief in excess of $100,000.00 and less than $200,000.00. Plaintiff reserves the right to amend their petition during and/or after the discovery process.

6.      This Court has personal jurisdiction over American Security because American Security is a Foreign insurance company licensed to do business in Texas and Plaintiffs causes of action arise out of American Security business activities in this State.

7.      This Court has personal jurisdiction over Michael Hankins because Mr. Hankins engages in the business of adjusting insurance claims in the State of Texas and Plaintiffs causes of action arise out of his business activities in this State.

8.      Venue is proper in Harris County because the insured property is located in Harris County and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County.  TEX. CIV. PRAC. & REM. CODE § 15.032.

### IV. FACTS

9.      Plaintiff owns the residential property at 2503 Rosedale St. Houston Harris County, Texas (the "Property"). American Security sold, and Plaintiff paid for, a Texas homeowners' insurance policy (the "Policy") to protect and insure Plaintiffs dwelling, other structures, personal property, and other items applicable to the Property.

10.     From August 25th through September 1, 2017, Hurricane Harvey swept across Texas causing widespread destruction and devastation. Beginning on or about August 26, 2017, Hurricane Harvey's massive wind field caused widespread destruction in and around Harris County, and Plaintiffs Property, specifically.

11.     Plaintiffs Property suffered extensive wind and wind-related damage during Hurricane Harvey. Specifically, the Hurricane damaged the roofing system and structural components of the Property. The severe and widespread damage allowed water to penetrate into the Property interior and led to significant interior water damage. In addition, the storm damaged the Property fencing.

12.     Following Hurricane Harvey, Plaintiff promptly and timely reported their Property claim (the "Claim")  under the Policy and asked American Security to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof, repairs to wind and debris damages to all exterior elevations, as well as repair of fencing and interior water damage.

13.     Plaintiffs are entitled to these benefits under the American Security Policy as it specifically covered Plaintiffs dwelling for wind and wind-related damage, and specifically, hurricane damage. All of the damage to the Property was covered under the express terms of the Policy.

14.     American Security assigned an adjuster, Michael Hankins, to perform the investigation and initial inspection of the Property on its behalf.

15.     Mr. Hankins, however, because of inadequate training or improper instruction, failed to perform a reasonable and adequate investigation of Plaintiffs Claim. In doing so, Mr. Hankins either completely missed or simply ignored damages that were present at the time of his inspection and were clearly attributable to Hurricane Harvey's powerful winds.

16.     The inadequacy of Mr. Hankins' investigation and adjustment of Plaintiffs Claim is evidenced by the fact he neither adjusted for, nor included, the full scope of Plaintiffs roof damage and neglected even to address, or note, multiple rooms in the Property. Plaintiffs roof sustained extensive wind damage to its entire surface and to the underlying structure/framing. Evidence of wind damage is readily apparent from even a casual view. The massive amount of roof damage allowed water to penetrate the Property's envelope in multiple locations and resulted directly in the substantial interior damage to Plaintiffs home, which damage Mr. Hankins also failed to document properly or sufficiently.

17.     Although Plaintiff notified, and later, reminded American Security numerous times of the significant widespread roof damage causing major leaks throughout the interior of the Property, Mr. Hankins failed to fully and adequately inspect the damaged areas of Plaintiffs property, including the roof, among other items and areas. Mr. Hankins' failure to record the full extent of the wind-damaged Property resulted in an improperly under-scoped and consequently undervalued estimate for repairs that Mr. Hankins submitted to American Security (the "Estimate").

18.     As an illustration—and certainly not intended as a complete listing of all of the errors and omissions in Mr. Hankins investigation and adjustment—the following are just some of the unfair and unreasonable low points from his "inspection" and Estimate:

- Mr. Hankins' Estimate wholly omitted the Property's roof from its purported scope of covered damage. Defendants misrepresented to Mr. Boney the roof was either not covered under the Policy or was not damaged at all.

- Despite the fact the covered damage to Mr. Boney's roof was clearly apparent on the date of Mr. Hankins' property "inspection", Neither Hankins nor ASIC did anything but ignore its existence.
- Hankins' estimate *does* however, include repair cost allocations for interior water damage to ten (10) rooms of the Property. No written nor reasonable explanation for this - i.e., *ten* separate rooms' interiors suffered covered water damage in a home with an allegedly undamaged roof – was ever provided to Mr. Boney by either ASIC of Hankins

19.    Plaintiffs contend that, upon information and belief, American Security and Mr. Hankins set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiffs Claim for covered damages. At minimum, American Security ratified Mr. Hankins unreasonable and improper "adjustment" of the Claim, resulting in Plaintiffs Claim effectively being denied in part as well as undervalued and underpaid. Plaintiff has suffered actual damages resulting from American Security's and Mr. Hankins' wrongful acts and omissions as set forth above and further described herein.

20.    In short, Plaintiffs have yet to receive the full amount of payment to which they are entitled under the Policy because their Claim was improperly and unreasonably adjusted.

## V.  CAUSES OF ACTION

### BREACH OF CONTRACT AGAINST AMERICAN SECURITY

21.    An insurance policy is considered a contract under Texas law. American Security failed to perform its contractual duties to adequately compensate Plaintiff in accordance the terms of the Policy that it wrote and sold to Plaintiff. Specifically, American Security refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  American Security's conduct constitutes a breach of the insurance contract between American Security and Plaintiff.

### NON-COMPLIANCE BY AMERICAN SECURITY INSURANCE COMPANY WITH THE TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

22. American Security's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

23. Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. American Security's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff damages; (2) stating—by way of Mr. Hankins' estimate— that Plaintiff damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiff damages; (3) using Mr. Hankins own statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiff in fact received.

24. American Security's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

25. American Security's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

26. American Security failed to explain to Plaintiff the reasons for failing to include all covered damages in its evaluation and/or payment(s) on the Claim. Furthermore, American Security did not communicate that future settlements or payments would be forthcoming to pay

for the entire amount of Plaintiffs loss, nor did it provide any explanation for the failure to adequately settle Plaintiffs Claim. American Security's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a)(3).

27.     Although promptly reported by Plaintiff to American Security, American Security did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs damages, both exterior and interior. American Security's unfair settlement practice, as described above, of refusing to pay Plaintiffs full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## NON-COMPLIANCE BY AMERICAN SECURITY WITH THE TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT

28.     American Security's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

29.     American Security's failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiffs Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

30.     American Security's conduct constitutes a breach of the common law duty of good faith and fair dealing that a Texas insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

31.     American Security's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs Claim, despite the fact that at the very same time, American Security knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of American Security's duty of good faith and fair dealing to Plaintiff, which is both non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

### NON-COMPLIANCE BY MICHAEL HANKINS WITH THE TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

32.     Mr. Hankins conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

33.     Mr. Hankins is individually liable for his unfair and deceptive acts because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, American Security's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

34.     Mr. Hankins' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.     Mr. Hankins' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

36.     The unfair settlement practice of Mr. Hankins, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.     Mr. Hankins' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

38.     Mr. Hankins' unfair settlement practice, as described above, of refusing to pay Plaintiffs Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## VI.   KNOWLEDGE

39.     All of the acts described above, together and singularly, were done "knowingly" as that term is used in the TEXAS INSURANCE CODE and were a producing cause of Plaintiffs damages described herein.

## VII.   CONDITIONS PRECEDENT

All conditions precedent to Plaintiffs claims for relief have been performed or have occurred and/or American Security waived the same. This includes, but is not limited to, providing notice pursuant

to TEXAS INSURANCE CODE §542A.003 and pre-litigation alternative dispute resolution, if any. Plaintiff pleads, would show, and does aver that—to the extent any Defendant or Defendants might allege that Plaintiff's presuit Notice fails, was invalid, or failed to conform strictly with the timeline required by §542A.003(a)—Plaintiff's presuit notice and the filing of this lawsuit fall within the savings clause of §542A.003(d)(1).

## VIII. DAMAGES

40.    Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

41.    As previously mentioned, Plaintiffs covered losses have not been properly addressed or paid, which has prevented Plaintiff from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiff. These damages and losses are a direct result of Defendants' mishandling of Plaintiffs Claim in violation of the terms of the Policy at issue and of the laws set forth above.

42.    For breach of contract, Plaintiff is entitled to regain the benefit of their bargain with respect to their purchase of the Policy, which is the amount of their Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

43.    For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorneys' fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiff is entitled to, and do hereby, seek recovery of three times their actual damages. TEX. INS. CODE §541.152.

44.    For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiff is entitled to interest on the amount of the Claim as damages at the rate

determined under TEX. INS. CODE §542.060, together with reasonable and necessary attorneys' fees.

45.     For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from American Security's breach of its Duty, such as additional costs, economic hardship, additional losses resulting from nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

46.     For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the attorneys and law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiffs attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## IX.  JURY DEMAND

47.     Plaintiff request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tender the appropriate jury fee.

## X.  DISCOVERY REQUESTS TO ALL DEFENDANTS

### REQUEST FOR DISCLOSURE

48.     Pursuant to Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition,

Plaintiff request the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**THE COOK LAW FIRM, PLLC**
By: */s/ Andrew C. Cook*
    Andrew C. Cook
    State Bar No. 24057481
    Southern Dist. No. 976434
    7324 Southwest Freeway, Suite 585
    Houston, Texas  77074
    Tel. (713) 401-2890
    Facsimile: (682) 200-2849
    Email: acc@texinsurancelaw.com

**ATTORNEY FOR PLAINTIFF**

# EXHIBIT B-3

10/21/2019 4:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37832295
By: JIMMY RODRIGUEZ
Filed: 10/21/2019 4:28 PM

## CAUSE NO. 2019-65379

| | | |
|---|---|---|
| **JEW DON BONEY,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **AMERICAN SECURITY** | § | |
| **INSURANCE COMPANY and** | § | |
| **MICHAEL HANKINS,** | § | |
| | § | **125th JUDICIAL DISTRICT** |
| **Defendants.** | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant American Security Insurance Company files this Original Answer and Requests for Disclosure against Plaintiff Jew Don Boney as follows:

## I.      GENERAL DENIAL

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiff and demands strict proof thereof by a preponderance of the evidence.

## II.      AFFIRMATIVE DEFENSES

2.      Plaintiff's claims are barred, in whole or in part, because paragraph 1.b of the "General Exclusions" section of the policy excludes losses caused by earth movement, including earth sinking, rising or shifting.

3.      Plaintiff's claims are barred, in whole or in part, because paragraph 1.c of the "General Exclusions" section of the policy excludes losses caused by water damage, meaning (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; (2) water or water-borne material which backs up through sewers or drains or which overflows from a sump, sump pump or related equipment; or (3) water or

water-borne material below the surface of the ground, including water which exerts pressure on or seeps or leaks through a residential property, sidewalk, driveway, foundation, swimming pool or other structure; caused by or resulting from human or animal forces or any act of nature.

4.     Plaintiff's claims are barred, in whole or in part, because paragraph 1.e in the "General Exclusions" section of the policy excludes losses caused by neglect, meaning your neglect to use all reasonable means to save and preserve property at and after the time of the loss.

5.     Plaintiff's claims are barred, in whole or in part, because paragraph 2.c of the "General Exclusions" section of the policy excludes losses caused by inadequate or defective; (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) material used in repair, construction, renovation or remodeling; or (4) maintenance.

6.     Plaintiff's claims are barred, in whole or in part, because paragraph 3.a in the "Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure, or weight of water or ice, whether driven by wind or not, to a (1) fence, pavement, patio or swimming pool; (2) footing, foundation, bulkhead, wall, or any other structure or device that supports all or part of a building or other structure.

7.     Plaintiff's claims are barred, in whole or in part, because paragraph 3.f(1) in the "Perils Insured Against" section of the policy excludes losses caused by wear and tear, marring, or deterioration.

8.     Plaintiff's claims are barred, in whole or in part, because paragraph 3.f(3) in the "Perils Insured Against" section of the policy excludes losses caused by smog, rust, or other corrosion, fungi, mold, wet or dry rot.

9.      Plaintiff's claims are barred, in whole or in part, because paragraph 3.f(6) in the "Perils Insured Against" section of the policy excludes losses caused by settling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings.

10.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert the claims presented in the Petition.

11.     Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

12.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim or cause of action for punitive damages.

13.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

14.     Plaintiff's claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

15.     Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

16.     Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

17.     Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

18.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

19.     Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

20.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff has failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

21.     Plaintiff's claims are barred, in whole or in part, by the specific terms of the Policy contract.

22.     Plaintiff's claims and allegations of "bad faith" are barred, in whole or in part, because Defendant's liability to Plaintiff was not reasonably clear.  A bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance proceeds from Defendant, and Defendant's liability, if any, has never become reasonably clear.  Accordingly, Defendant had a reasonable basis for denying Plaintiff's claim.

23.     Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

24.     Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

25.     Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiff is not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

26.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

27.     Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

28.     Defendant avers that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

-5-

29.     It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

30.     Defendant avers that any award of punitive damages to Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

31.     It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

     a.     Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

     b.     Defendant is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

     c.     The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's rights to due process;

     d.     That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

32.     Plaintiff has sustained no injury from the alleged conduct of Defendant.

33.     Plaintiff's claims are barred, in whole or in part, because Defendant's claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

34.     Plaintiff's claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiff may have failed to act in good faith.

35.     There has been no reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

36.     Plaintiff is not entitled to the recovery of attorney's fees and has failed to provide the statutory notices required to show entitlement to the same.

37.     Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an unreasonably excessive demand upon Defendant.

38.     Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an excessive demand upon Defendant in bad faith.

39.     Defendant expressly reserves and preserves any and all rights it may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

40.     Defendant expressly reserves and preserves any and all rights and defenses it may have under the Texas Insurance Code, including Chapter 542A.

## III.   REQUESTS FOR DISCLOSURE

41.     Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service

of this request, the information or material described in Rule 194.2(a)–(i).

Respectfully submitted,

McDowell Hetherington LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Brian A. Srubar
    State Bar No. 24098460
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:  713-337-8850
brad.aiken@mhllp.com
brian.srubar@mhllp.com

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on October 21, 2019, on the following counsel of record by eServe:

Andrew C. Cook
The Cook Law Firm, PLLC
7324 Southwest Freeway, Suite 585
Houston, Texas 77074
acc@texinsurancelaw.com

**Attorneys for Plaintiff**

*/s/ Brian A. Srubar*
    Brian A. Srubar